Jennifer L. Barry
Direct Dial: +1.858.523.3912
jennifer.barry@lw.com

12670 High Bluff Drive
San Diego, California 92130
Tel: +1.858.523.5400  Fax: +1.858.523.5450
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

**LATHAM & WATKINS LLP**

**MEMO ENDORSED**

March 14, 2025

**VIA ECF**

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Cedar Communities At Staunton I, LLC, d/b/a Birch Gardens v. A Place For Mom, Inc.*, Case No. 1:24-cv-09737 (DEH)

Dear Judge Ho,

We write pursuant to Section 2(e) of Your Honor's Individual Rules and Practices in Civil Cases. We represent Defendant A Place for Mom, Inc. ("APFM") in the above-referenced matter and write jointly with counsel for Plaintiff to respectfully request that the March 20, 2025 deadline for the submission of the joint letter and case management plan, as well as the March 27, 2025 initial pretrial conference, be adjourned, and that discovery be stayed pending Your Honor's decision on APFM's forthcoming motion to dismiss. The Parties respectfully submit that further determination of the overarching case schedule in this matter should be deferred pending resolution of APFM's forthcoming motion to dismiss, which is due March 17, 2025.

Although filing a motion to dismiss does not automatically stay discovery, district courts may stay discovery "for good cause." Fed. R. Civ. P. 26(c). Further, district courts have "considerable discretion to stay discovery." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). "In deciding whether to grant a stay, 'a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion.'" *Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 03934 (AT), 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016). Courts recognize that in class actions, like this case, discovery can be particularly "expensive [and] burdensome." *Toth v. New York City Dep't of Educ.*, No. 21-CV-4245 (AMD) (JAM), 2024 WL 3567337, at *3 (E.D.N.Y. July 26, 2024).

The Parties agree that it will be more efficient for the motion to dismiss to be heard and decided, before the parties engage in discovery, with the pleadings in flux. Engaging in discovery before this uncertainty is resolved may prove unnecessarily burdensome and costly on both Parties and may waste judicial resources. Further, no discovery is pending, and because Plaintiff has agreed to stay discovery until the motion to dismiss is decided, there is no prejudice to Plaintiff if a stay is granted. Finally, APFM believes it has strong arguments in support of its forthcoming

LATHAM&WATKINS LLP

motion to dismiss, which may result in some or all of the claims being dismissed. Further, the forthcoming motion to dismiss will include a challenge to Plaintiff's standing to bring its New York General Business Law claims, which APFM submits weighs further in favor of a stay. *See Renois v. WVMF Funding, LLC*, No. 20-CV-09281 (LTS) (DF), 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (granting stay where motion to dismiss was "colorable and raise[d] threshold challenges to . . . Plaintiff's standing to bring suit.").

In light of these considerations, the Parties respectfully request that the Court adjourn the upcoming March 20, 2025 joint letter deadline, adjourn the upcoming March 27, 2025 initial pretrial conference, and stay discovery pending its decision on APFM's forthcoming motion to dismiss. Because the Parties submit that the initial pretrial conference should be rescheduled following this Court's ruling on APFM's forthcoming motion to dismiss, the date for which is undetermined, the Parties have not proposed alternative conference dates (*cf.* Individual Rules, Section 2(e)(v)); however, the Parties will make themselves available at the Court's convenience and/or are amenable to submitting a further joint letter regarding alternative dates following the Court's ruling.

There have been no previous requests on these issues.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Jennifer L. Barry*

Jennifer L. Barry (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

It is hereby **ORDERED** that the parties' request for a stay of discovery pending resolution of Defendant's motion to dismiss is **GRANTED**. District courts may stay discovery during the pendency of a motion to dismiss "for good cause." Fed. R. Civ. P. 26(c). "In deciding whether to grant a stay, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Boelter v. Hearst Comm'ns Inc.*, No. 15 Civ. 3934, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016) (internal quotation marks omitted). The Court expresses no views as to the merits of Defendant's motion, but an initial review of the arguments presented in support suggest that the motion is not frivolous. The motion also raises threshold issues, such as whether Plaintiff has standing to bring certain claims. Moreover, both parties consent to the stay, and Plaintiff does not articulate any prejudice that will result from delaying discovery. Accordingly, it is hereby **ORDERED** that the initial pretrial conference and the deadline for the submission of the joint letter and case management plan are **ADJOURNED** *sine dine*. The Clerk of Court is respectfully directed to terminate ECF No. 24. SO ORDERED.

Dale E. Ho
United States District Judge
Dated: March 19, 2025
New York, New York