UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEDAR COMMUNITIES AT STAUNTON I, LLC, d/b/a BIRCH GARDENS,<br><br>       Plaintiff,<br><br>    v.<br><br>A PLACE FOR MOM, INC.<br><br>       Defendant. | 24 Civ. 9737 (DEH)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Plaintiff Cedar Communities At Staunton I, LLC, d/b/a Birch Gardens ("Birch Gardens") brings this action against Defendant A Place for Mom, Inc. ("APFM") for false advertising and deceptive conduct in violation of the Lanham Act and New York's Deceptive Trade Practices Act. *See* Compl., ECF No. 1. Before the court is Defendant's Motion to Dismiss the Complaint for lack of standing and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot. to Dismiss, ECF No. 25. For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

## BACKGROUND

Defendant APFM is a Delaware corporation with its principal place of business and headquarters located in New York. Compl. ¶ 9. APFM provides web- and phone-based referral services for seniors and families seeking senior care communities. Mem. of Law in Supp. of Mot. to Dismiss at 1, ECF No. 26. APFM makes referrals that connect seniors with one of APFM's many partner communities. *Id.* To be a partner community, a facility agrees to pay a fee to APFM when a senior moves into the referred community. *Id.*

Plaintiff Birch Gardens is a senior living community in Virginia with its corporate office in the State of New York. Compl. ¶ 8. Birch Gardens is not a part of APFM's referral network;

however, they are listed on APFM's website. *Id.* ¶ 19. Birch Gardens alleges that Defendant "leverages the names of Plaintiff and other senior living communities in online search results to drive traffic to its own website, creating the illusion that these communities are part of its placement and referral network when they are not." *Id.* ¶ 3. Then, Birch Gardens claims that Defendant steers potential customers away from Birch Gardens "toward one of its contracted communities." *Id.* ¶ 22. As alleged, when a potential customer calls APFM for referral to a facility, APFM only suggests facilities in the referral network, despite listing non-network facilities on the site. *Id.* The Complaint, however, does not allege that any specific customer or prospective customer would have selected Birch Gardens but for APFM's allegedly deceptive conduct.

Birch Gardens filed suit under the Lanham Act and New York General Business Law §§ 349 and 350-a. Birch Gardens alleges that they suffer financial and reputational harm because Defendant "exclusively refers potential customers to senior living communities that pay it a commission, increasing care and rent costs while excluding high-quality options like Plaintiff, who decline to participate in its pay-to-play model." Compl. ¶ 3. Birch Gardens alleges that APFM falsely claims to offer "a comprehensive, unbiased, and no-cost referral and placement service for families seeking senior living options, stressing impartiality in its recommendations." *Id.* ¶ 12. The Complaint, however, does not identify any specific statement in which APFM advertises its services as purportedly being "comprehensive." *See generally* Compl.

Birch Gardens also notes the existence of a U.S. Senate investigation into APFM, which could allegedly cause reputational harm through Birch Gardens being "ostensibly associated with" the "negative publicity surrounding" APFM. *Id.* ¶ 24. The Complaint, however, does not allege lost revenue flowing from the alleged damage to APFM's reputation.

2

## LEGAL STANDARDS

### I.    Motion to Dismiss

On a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. New York Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[1] "In assessing the complaint, [a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[T]he court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

### II.    The Lanham Act

In the context of false advertising and deceptive practices claims, the standing and merits analyses converge. For Lanham Act claims, the Supreme Court has made clear that a claim must allege "injury to a commercial interest in sales or business reputation" and must be "proximately caused" by a violation of the Act. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014). Further, in the Second Circuit "the threshold required to show injury differs based on the nature of the advertisements and the parties' roles as competitors." *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 377 F. Supp. 3d 337, 346 (S.D.N.Y. 2019). When a claim targets

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

"non-comparative" misleading statements, "some indication of actual injury and causation would be necessary to ensure that a plaintiff's injury is not speculative." *PharmacyChecker.com v. Nat'l Ass'n of Bds. of Pharmacy*, 629 F. Supp. 3d 116, 129 (S.D.N.Y. 2022). Whereas when a misleading statement "makes a materially false comparison to a specific, competing product," injury may be presumed. *Id.*

### III.     The NYGBL

Under the NYGBL §§ 349, 350, plaintiffs must allege and prove "actual injury," although not necessarily pecuniary harm, to recover. *Smith v. Chase Manhattan Bank, USA, N.A.*, 741 N.Y.S.2d 100, 102 (N.Y. App. Div. 2002). The claimed injury cannot be entirely derivative of injuries suffered by misled consumers, or more generally, cannot "arise[] solely as a result of injuries sustained by another party." *N. State Autobahn, Inc. v. Progressive Ins. Grp. Co.*, N.Y.S.2d 96, 105 (N.Y. App. Div. 2012) (citing *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.*, 3 N.Y.3d 200, 207 (N.Y. 2004)). Rather, a corporate plaintiff must allege injury to itself. *Id.*

### DISCUSSION

APFM moves to dismiss under Rules 12(b)(1) and 12(b)(6). *See* Mot. to Dismiss. Due to the absence of factual allegations of "injury to a commercial interest in sales or business reputation," "proximately caused" by Defendant's conduct, the Court concludes that Birch Gardens has failed to adequately allege standing under the Lanham Act and NYGBL. *See Lexmark*, 572 U.S. at 140. Accordingly, APFM's Motion to Dismiss is **GRANTED**.

### I.     Lanham Act § 43(a)(1)(B)

Section 43(a)(1)(B) of the Lanham Act prohibits the use in commercial advertising or promotion of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation

4

of fact" that "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). To state a false advertising claim under § 43(a) of the Lanham Act, Birch Gardens must adequately plead that "the challenged message is (1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury to the plaintiff." *See Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, 843 F.3d 48, 65 (2d Cir. 2016); *see also* 15 U.S.C. § 1125(a)(1)(B). The plaintiff must allege that the "economic or reputational injury flowing directly from the [challenged conduct] . . . causes [consumers] to withhold trade from the plaintiff." *Lexmark*, 572 U.S. at 133.

Birch Gardens' allegations fail to allege "injury to a commercial interest in sales or business reputation" that is "proximately caused" by a violation of the Act. *Id.* at 140. To begin, Birch Gardens has failed to identify a specific false or misleading statement on APFM's website. There is no allegation that APFM falsely indicates that Birch Gardens is a member of its network. Nor does the Complaint allege that APFM disparages non-member facilities or forcibly redirects consumers to those that pay APFM a commission. In fact, the Complaint seems to allege that APFM treats non-member facilities exactly the same as member, commission-paying facilities on the website by including the same language and phone number to obtain "more information" under every facility listing. *See* Compl. ¶¶ 20-21. Without an alleged false statement, any injury suffered cannot be causally related to a legal violation.

Even if Birch Gardens had alleged a false or misleading statement by APFM, it fails to adequately plead that APFM's alleged falsities caused it "actual or likely injury." *See Church & Dwight Co.*, 843 F.3d at 65. Birch Gardens alleges a somewhat long chain of events that lead to a theoretical loss of customers from APFM's allegedly deceptive statements. First, Birch Gardens claims that APFM's claim of being "comprehensive" deceives individuals into relying on APFM's

5

recommendations entirely for their facility search. Compl. ¶¶ 12, 23. Next, Birch Gardens alleges that, by listing non-member facilities like Birch Gardens on their site, APFM misleads consumers into believing that non-member facilities are covered by APFM's services and creates a "false impression" that Birch Gardens is part of APFM's network. *Id.* Birch Gardens alleges that this misleads potential customers into thinking APFM's network is broader than it is. *Id.* And because AFPM ultimately redirects them to other communities, Birch Gardens loses, or potentially loses, prospective customers and leads. *Id.*

But Birch Gardens fails to identify a "single consumer who withheld or cancelled business with it" or any "particular quantum of diverted sales or loss of goodwill and reputation" as a result of APFM's alleged falsities. *See Wall & Assocs., Inc. v. Better Bus. Bureau of Cent. Va., Inc.*, 685 F. App'x 277, 279 (4th Cir. 2017) (affirming dismissal of a false advertising claim that did not "adequately allege the necessary proximate cause between its alleged injury and Defendants' allegedly violative conduct."). It is true that Birch Gardens alleges that APFM "misleads potential customers" while redirecting them to other communities, "causing [Plaintiff] to lose, or potentially lose, prospective customers and leads." Compl. ¶ 23. Yet, beyond conclusory allegations, Birch Gardens "does not offer any facts showing that consumers rely on the allegedly misleading . . . statements by [APFM] in choosing or gauging" a senior living community. *See Davis v. Avvo, Inc.*, 345 F. Supp. 3d 534, 544 (S.D.N.Y. 2018).

Ultimately, Birch Gardens relies on its claims of injury through a speculative chain of events in which a consumer needs to have learned about a facility through APFM's website, decided that Birch Gardens' facility was the facility they wished to contract with, and then that consumer became unable to contract with Birch Gardens because APFM would not refer the consumer to Birch Gardens. *See, e.g.*, Compl. ¶¶ 20, 22. But without an allegation of any specific lost customer or further details describing with particularity how APFM redirects customers who

otherwise would have chosen Birch Gardens' facility, the Court concludes that the factual allegations pled do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Turning now to reputational harm, Birch Gardens alleges that the listing on APFM's website "has damaged, or potentially damaged, the reputation and goodwill of Birch Gardens" because of the Senate investigation into APFM and the resulting "negative publicity." Compl. ¶ 24. Yet, Birch Gardens provides no factual allegations showing that Birch Gardens suffered "reputational injury flowing directly from" its listing on APFM's website. *See Millennium Access Control Tech. v. On the Gate, LLC*, No. 15 Civ. 6067, 2017 WL 10445800, at *11 (holding that a plaintiff suing under § 1125(a) must show economic or reputational injury flowing directly from defendant's deceptive conduct). Merely alleging "reputational harm" without more "is not sufficient to state a claim for injury under the Lanham Act." *PharmacyChecker.com*, 629 F. Supp. 3d at 131. Birch Gardens offers no more than its mere "subjective belief of harm" and allegations of the mere potential that a prospective customer could see Birch Gardens on APFM and associate it with negative press reports. Without concrete and particularized allegations for how a listing on APFM's website could damage or has damaged Birch Gardens' reputation, Birch Gardens' claims cannot proceed.

Accordingly, Birch Gardens' claims under the Lanham Act are **DISMISSED**. *See Casper Sleep, Inc. v. Nectar Brand LLC*, No. 18 Civ. 4459, 2020 WL 5659581, at *8 (S.D.N.Y. Sept. 23, 2020) (dismissing Lanham Act and NYGBL claims because the plaintiff did not plausibly allege harm from the defendants' actions); *see also Davis*, 345 F. Supp. 3d at 544 (dismissing Lanham Act claim because the plaintiff failed to provide facts illustrating that consumers relied on allegedly misleading features of defendant's website or that these features caused reputational harm).

II.      **N.Y. Gen. Bus. Law §§ 349 and 350-a**

The New York Deceptive Trade Practices Act prohibits "deceptive…acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state…" N.Y. GEN. BUS. LAW § 349(a).   Under New York law, false advertising means "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect." N.Y. GEN. BUS. LAW § 350-a.   NYGBL requires a showing of "consumer injury or harm to the public interest." *LBB Corp. v. Lucas Distrib., Inc.*, No. 8 Civ. 4320, 2008 WL 2743751, at \*2 (S.D.N.Y. July 14, 2008).

Birch Gardens' NYGBL claims fail for the same reasons as stated above.  *See Davis*, 345 F. Supp. 3d at 543 (holding that plaintiff must "offer facts that demonstrate a causal connection between" plaintiff's injury and the alleged misrepresentation).  Birch Gardens additionally fails to adequately plead harm to the public, a threshold requirement under the NYGBL §§ 349 and 350.  *See LBB Corp.,* 2008 WL 2743751, at \*2 (As a commercial-entity and non-consumer, Plaintiff must allege misleading practices "have a broad impact on consumers at large.").  Specifically, Birch Gardens offers only conclusory assertions of public harm which cannot satisfy the Plaintiff's burden on a motion to dismiss.  *See* Compl. ¶ 47 ("A Place For Mom's deceptive actions affect the public interest because they have harmed or potentially harmed the consumer public").  Thus, even assuming Birch Gardens had established a Lanham Act claim, the harm alleged to the public "is too insubstantial to satisfy the pleading requirements of §§ 349 and 350." *See SmileDirectClub,*

*LLC v. Jacqueline I. Fulop, D.M.D., P.C.*, No. 19 Civ. 9582, 2020 WL 1322838, at *3 (S.D.N.Y. Mar. 20, 2020).  As a result, the claims under the NYGBL are **DISMISSED**.

## CONCLUSION

For the reasons discussed herein, the Court **GRANTS** Defendant's Motion to Dismiss. Because "court[s] should freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), Birch Gardens may seek leave to amend its Complaint in accordance with this Court's Individual Rule 4(f) within 30 days of the publication of this Opinion and Order.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").  If no timely motion is filed, the Court will direct the Clerk of Court to close this case.

The Clerk of Court is respectfully requested to terminate ECF No. 25.


SO ORDERED.

Dated: February 23, 2026

     New York, New York


                                  DALE E. HO
                                United States District Judge