UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CEDAR COMMUNITIES AT STAUNTON I, LLC, d/b/a BIRCH GARDENS,

Plaintiff,

v.

A PLACE FOR MOM, INC.

Defendant.

24 Civ. 9737 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is a motion for leave to amend filed by Plaintiff Cedar Communities At Staunton I, LLC, d/b/a Birch Gardens ("Birch Gardens"), which brings this action against Defendant A Place for Mom, Inc. ("APFM") for false advertising and deceptive conduct in violation of the Lanham Act and New York's Deceptive Trade Practices Act. *See* Mot. to Amend, ECF No. 38; Proposed Amended Compl. ("PAC"), ECF No. 38-1. The Court previously granted APFM's Motion to Dismiss. Memorandum Opinion and Order ("Order"), ECF No. 35. For substantially the same reasons, the Motion for Leave to Amend is **DENIED**.

A court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2),[1] but need not do so "where the substance of the claim pleaded is frivolous on its face" or "amendment [is otherwise] futile." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). On a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. New York Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In assessing the complaint, [a court]

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[T]he court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

The Court previously granted APFM's motion to dismiss "[d]ue to the absence of factual allegations of 'injury to a commercial interest in sales or business reputation,' 'proximately caused' by Defendant's conduct." Order at 4 (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118. 140 (2014)). The Court concludes that the PAC fails to address the deficiencies identified in the previous complaint.

To begin, Birch Gardens fails to allege a false statement. The PAC alleges that APFM markets itself as (1) "comprehensive," (2) "no-cost" to the consumer, (3) and "unbiased." PAC ¶¶ 57, 62, 70. Plaintiff still never "identif[ies] any specific statement in which APFM advertises its services as purportedly being 'comprehensive.'" Order at 2; *see, e.g.*, PAC ¶¶ 17, 54, 70. Nor does Plaintiff provide any allegations indicating that the claims of being "no-cost" or "unbiased" are false, as the statements at issue are open to more than one "reasonable interpretation," and "cannot be literally false." *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 639 (S.D.N.Y. 2018).

Thus, in order to state a claim, Birch Gardens would need to plead facts reflecting that consumers were actually "misled or confused by the challenged advertisement." *Id.* But Birch Gardens states that it would need discovery to do so. PAC ¶ 30. In other words, Birch Gardens

still fails to identify a "single consumer who withheld or cancelled business with it" or any "particular quantum of diverted sales or loss of goodwill and reputation" as a result of APFM's alleged falsities. *Wall & Assocs., Inc. v. Better Bus. Bureau of Cent. Va., Inc.*, 685 F. App'x 277, 279 (4th Cir. 2017) (affirming dismissal of a false advertising claim that did not "adequately allege the necessary proximate cause between its alleged injury and the Defendants' allegedly violative conduct."). "But the Lanham Act does not confer a special license to shoot first, and ask questions later." *Maffick LLC v. Facebook, Inc.*, No. 20 Civ. 5222, 2021 WL 1893074, at *5 (N.D. Cal. May 11, 2021). Rather, "some indication of actual injury and causation is needed for a Lanham Act claim to survive a motion to dismiss and ensure any injury is not purely speculative." *The Wonderful Co. LLC v. Nut Cravings Inc.*, No. 21 Civ. 3960, 2026 WL 818073, at *9 (S.D.N.Y. Mar. 24, 2026). The failure to do so is fatal to Plaintiff's claim. *See Zeitlin v. Palumbo*, 532 F. Supp. 3d 64, 70 (E.D.N.Y. 2021) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim.").[2]

Turning now to reputational harm, Birch Gardens has modified its allegations regarding association with APFM:

> APFM's practice of listing Birch Gardens on its website without Birch Gardens' consent associates Birch Gardens with APFM's brand. In light of the U.S. Senate investigation, Washington Post reporting, and growing public concern about APFM's deceptive practices, this involuntary association damages Birch Gardens'

---

[2] Plaintiff's other theories of harm similarly fail. *See Casper Sleep, Inc. v. Nectar Brand LLC*, No. 18 Civ. 4459, 2020 WL 5659581, at *6 (S.D.N.Y. Sept. 23, 2020) ("Given that Plaintiff's theory of deception is predicated entirely on the notion that [APFM] falsely portray[s]" out-of-network communities as partners on its website, "an accessible disclosure on that website addressing [these relationships] is sufficient" to eliminate the possibility of related Lanham Act or NYGBL claims.); *1-800 Contacts, Inc. v. JAND, Inc.*, 119 F.4th 234, 249 (2d Cir. 2024) (using another's name as a keyword "does *not* constitute . . . unfair competition.").

> reputation and goodwill with consumers who may negatively view communities listed on APFM's platform.

PAC ¶ 41(d). Yet, Birch Gardens again provides no factual allegations showing that it suffered "reputational injury flowing directly from" its listing on APFM's website. *Millennium Access Control Tech., Inc. v. On the Gate, LLC*, No. 15 Civ. 6067, 2017 WL 10445800, at *11 (E.D.N.Y. Feb. 14, 2017) (holding that a plaintiff suing under 1125(a) must show economic or reputational injury flowing directly from defendant's deceptive conduct). Merely alleging "reputational harm" without more "is not sufficient to state a claim for injury under the Lanham Act." *PharmacyChecker.com v. Nat'l Ass'n of Bds. of Pharmacy*, 629 F. Supp. 3d 116, 131 (S.D.N.Y. 2022).

Finally, Birch Gardens' New York Deceptive Trade Practices Act claims fail because Birch Gardens has not sufficiently alleged a connection between the false statements and any alleged harms. *Davis v. Avvo, Inc.*, 345 F. Supp. 3d 534, 543 (S.D.N.Y. 2018) (plaintiff must "offer facts that demonstrate a causal connection between" plaintiff's injury and the alleged misrepresentation). While the PAC contains new allegations regarding harm to the public at large, the failure to allege actual injury to Birch Gardens from APFM's allegedly false or misleading statements is dispositive of the claims under the NYGBL. *See Alfasigma USA, Inc. v. First Databank, Inc.*, No. 18 Civ. 6924, 2022 WL 899848, at *9 (N.D. Cal. Mar. 28, 2022) (dismissing where plaintiff did not allege "the kind of direct relationship between the . . . advertising . . . and Plaintiff's sales that could rule out 'any number of reasons' why Plaintiff may have lost sales" (quoting *Lexmark*, 572 U.S. at 139-40)); *see also Casper Sleep*, 2020 WL 5659581, at *9 (dismissing where "there [were] 'dozens' of competitors, and Plaintiff ha[d] not pled facts that make it plausible that Plaintiff lost sales" due to "Defendants' advertising").

## CONCLUSION

For the reasons discussed herein, the Motion for Leave to Amend is **DENIED**. The Clerk of Court is respectfully requested to terminate ECF No. 38, enter judgment in favor of Defendant, and close the case.

SO ORDERED.

Dated: September 10, 2026

New York, New York

DALE E. HO
United States District Judge